**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SARVINT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 1:15-cv-00070-TCB |
| | ) | |
| OMSIGNAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF SARVINT TECHNOLOGIES, INC.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT OMSIGNAL, INC.'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.................................................................................................1

STATEMENT OF FACTS ..................................................................................2

   A.  Overview of Defendant's Accused Infringing Products and Sales................2

   B.  Sarvint's and the '731 Patent's Connections with Georgia ..........................2

ARGUMENT AND CITATION OF AUTHORITIES................................................4

   A.  Defendant is Subject to Personal Jurisdiction in this Court. ........................4

     1.  The exercise of personal jurisdiction in this patent infringement action is governed by the law of the Federal Circuit........................................................4

     2.  Personal jurisdiction is proper under the Georgia Long-Arm Statute because Defendant transacts business in Georgia...............................................5

     3.  Personal jurisdiction is also proper under federal due process because Defendant has sold products that are accused of infringing the '731 Patent to Georgia residents........................................................................................6

     4.  Subjecting Defendant to suit in Georgia does not offend notions of fair play and substantial justice.................................................................................10

   B.  Defendant's Alternative Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) Should Be Denied......................12

     1.  Law applicable to a motion to transfer under Section 1404(a). ................12

     2.  Sarvint's choice of forum is entitled to substantial deference..................13

     3.  Judicial efficiency weighs against a transfer. ............................................14

     4.  This forum is considerably more convenient for Sarvint. .........................18

     5.  More relevant documents are located in this District..............................20

     6.  The locus of operative facts is in this District. .........................................21

     7.  Defendant has failed to demonstrate that the proposed transferee forum would be more convenient for non-party witnesses...........................................22

CONCLUSION .................................................................................................25

## INTRODUCTION

In this patent infringement action, Plaintiff Sarvint Technologies, Inc. ("Sarvint") alleges that Defendant OMsignal, Inc. ("Defendant") infringes U.S. Patent No. 6,970,731 ("the '731 Patent"). First Amended Complaint (Doc. 12). Defendant has moved to dismiss the First Amended Complaint on the basis that it is not subject to personal jurisdiction in this district or, in the alternative, to transfer this action to the largely unrelated venue of the Southern District of New York. Doc. 21. As set forth below, Defendant admits in its motion that it transacts business in the State of Georgia by selling the product accused of infringing the '731 Patent to Georgia customers. Accordingly, Defendant is subject to specific jurisdiction in this Court.[1] Additionally, Defendant has failed to demonstrate that the Southern District of New York has a meaningful relationship to this case, much less that it is sufficiently convenient to overcome the strong presumption favoring Sarvint's choice of forum. Accordingly, both forms of relief requested in the motion should be denied.

---

[1] If the Court has any doubts about the issue of personal jurisdiction, Sarvint is entitled to jurisdictional discovery to supplement its jurisdictional allegations by obtaining further specific information from Defendant regarding its contacts with Georgia customers, sales of infringing products to Georgia customers, and revenues derived from these contacts. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005).

## STATEMENT OF FACTS

**A.    Overview of Defendant's Accused Infringing Products and Sales.**

Defendant characterizes its accused product as "intelligent, wearable textiles [capable] of tracking a variety [of] biometric data."  Doc. 21-1, at 3.  Defendant admits that it has sold multiple accused products in the State of Georgia, amounting to over $1,000 in revenue.  *Id.* at 5; *see also* First Amended Complaint, Doc. 12, ¶ 7.  Additionally, Defendant admits that it operates an interactive website that has been used by residents of Georgia.  Doc. 21-1 at 5; Doc. 12, ¶ 7.  In sum, Defendant's admitted contacts with Georgia include at least the following:  (1) Defendant sells infringing products that are the subject of this lawsuit to residents of Georgia; (2) Defendant has derived at least $1,000 in revenue from its sales of accused products to Georgia residents; and (3) Defendant maintains an interactive website that has been used by Georgia residents to purchase the infringing products.

**B.    Sarvint's and the '731 Patent's Connections with Georgia**

Sarvint, the exclusive licensee of the '731 Patent, has a principal place of business at 817 West Peachtree Street, Suite A-145, Atlanta, GA 30309.  Declaration of Dr. Sundaresan Jayaraman (hereinafter "Jayaraman Decl."), ¶ 10 (filed concurrently herewith).  Prior to that, Sarvint's office was at 888 3rd Street

NW, Atlanta, GA 30318. *Id.*, ¶ 11.   Sarvint also maintains an accounting and administrative office at 6055 Southard Trace, Cumming, GA 30040. *Id.*, ¶ 12. Additionally, all of Sarvint's officers and shareholders live in the metro-Atlanta area, and multiple employees have other substantial connections to the area. *Id.*, ¶¶ 14-17.    Finally, the inventors of the '731 Patent, Dr. Sundaresan Jayaraman and Ms. Sungmee Park, are Sarvint's Chief Scientist and Chief Technical Officer, respectively, and also live in the metro-Atlanta area. *Id.*, ¶¶ 3-4, 13-14.

The technology behind the '731 Patent was developed in Atlanta at the Georgia Institute of Technology ("Georgia Tech"). *Id.*, ¶ 5.   The majority of the research was conducted at Georgia Tech's School of Materials Science and Engineering at 801 Ferst Drive, MRDC1 Building, Atlanta, Georgia 30332.   *Id.*   A number of Georgia Tech employees and other Atlanta residents provided support for the research that resulted in the technology embodied in the '731 Patent and have knowledge relevant to these proceedings.   *Id.*, ¶ 8.

The Georgia Tech Research Corporation ("GTRC") is the owner of the '731 Patent.   *Id.*, ¶ 6.   GTRC is located at 505 10th Street, Atlanta, GA 30318.   *Id.*

<u>**ARGUMENT AND CITATION OF AUTHORITIES**</u>

**A.      Defendant is Subject to Personal Jurisdiction in this Court.**

**1.      The exercise of personal jurisdiction in this patent infringement <u>action is governed by the law of the Federal Circuit</u>.**

Because this is a patent infringement action, the issue of personal jurisdiction is governed by Federal Circuit law.  *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).  In order to defeat Defendant's motion to dismiss, Sarvint is only required to "make a *prima facie* showing of jurisdiction," and the Court must construe all pleadings and affidavits in the light most favorable to Sarvint.  *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005) (internal quotation omitted).

Deciding whether personal jurisdiction exists in a patent case requires a court to determine (1) whether jurisdiction exists under the forum state's long-arm statue, and (2) whether exercising such jurisdiction is consistent with the federal due process clause.  Although previous cases indicated that the Georgia Long-Arm Statute (O.C.G.A. § 9-10-91) was coextensive with constitutional due process, the Eleventh Circuit construed the Georgia Supreme Court's decision in *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 675 (2005) as requiring a court to "apply the specific limitations of O.C.G.A. § 9-

4

10-91 literally and ... engage in a statutory examination, that is independent of, and distinct from, the constitutional [due process] analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1258-63 (11th Cir. 2010).

### 2. Personal jurisdiction is proper under the Georgia Long-Arm Statute because Defendant transacts business in Georgia.

The Official Code of Georgia § 9-10-91(1) allows Georgia courts to exercise jurisdiction over a nonresident defendant if that defendant "transacts any business within this state." Therefore, the literal language of subsection (1) of the Georgia Long-Arm Statute, "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State." *Diamond Crystal*, 593 F.3d at 1261 (quoting *Innovative Clinical*, 279 Ga. at 675). "Interpreted literally, 'transacts any business' requires that the nonresident defendant has purposefully done some act or consummated some transaction in Georgia." *Id.* at 1264 (quotation, citation, and alteration omitted). However, "a defendant need not physically enter the state ... [and] a nonresident's mail, telephone calls, and other 'intangible' acts, though occurring while the defendant is physically outside of Georgia, must be considered." *Id.* Accordingly, a court must "examine all of a nonresident's tangible and intangible conduct" when determining

if a nonresident has "transacted any business" in Georgia.  *Id.*

As discussed above, Defendant has admittedly: (1) sold multiple products accused of infringement into the State of Georgia; (2) derived over $1,000 of revenue from sales of accused products to Georgia residents; and (3) operated an interactive website that has been used by residents of Georgia to purchase infringing products.  These facts are sufficient to establish jurisdiction over the Defendant under O.C.G.A. § 9-10-91(1).  *Diamond Crystal*, 593 F.3d at 1264-67 (holding that out-of-state defendant "transacted business" in Georgia based on an analysis of purchase orders, deliveries and payments in the state of Georgia, even if defendant did not physically enter the state); *see also Rice v. Petedge, Inc.*, 975 F. Supp. 2d 1364, 1368 (N.D. Ga. 2013) ("By defendant's own admission, Georgia customers accounted for between 1 and 2% of its total sales in the last five years, and defendant also sold its [accused product] in Georgia.  Thus, the plain language of the Georgia long-arm statute permits the Court to exercise personal jurisdiction over defendant.").

### 3.   Personal jurisdiction is also proper under federal due process because Defendant has sold products that are accused of <u>infringing the '731 Patent to Georgia residents</u>.

Under the Constitution, a defendant cannot be subject to long-arm jurisdiction unless the defendant has "minimum contacts" with the forum such that

the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Beverly Hills Fan*, 21 F.3d at 1568 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).   Once minimum contacts are established, jurisdiction over a defendant is presumptively reasonable and the burden then shifts to the defendant to demonstrate a "compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Specific jurisdiction[2] is applicable if "the cause of action arises out of or relates to the defendant's contacts with the forum." *Beverly Hills Fan Co.*, 21 F.3d at 1563 n.10.  A single contact with a forum state may subject a party to specific jurisdiction if the contact creates a "substantial connection with the forum." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (internal quotation omitted).

Defendant has admitted deriving revenue from sales of the accused product to Georgia residents.   Defendant's sales are sufficient to establish minimum contacts with the State of Georgia because Sarvint's claim arises out of those sales.

---

[2]   A plaintiff can establish that jurisdiction is appropriate under a theory of either general or specific jurisdiction.   *Beverly Hills Fan*, 21 F.3d at 1563 n.10. Because specific jurisdiction is established on the facts of this case, this brief does not address general jurisdiction.

*Red Wing Shoe Co., Inc.*, 148 F.3d at 1359.

Sarvint has filed an action for patent infringement under 35 U.S.C. § 271. Under 35 U.S.C. § 271, "whoever without authority … offers to sell, or sells any patented invention … infringes the patent." Defendant has admitted to selling the accused product within the State of Georgia, and Defendant's contacts with the State of Georgia therefore are directly related to Sarvint's claim in this case. Because Defendant's contacts with its Georgia customers arise out of and relate to the claim of patent infringement, Defendant is subject to specific jurisdiction in this Court. *See Telemac Corp. v. Phonetec LP*, No. C 04-1486, 2005 WL 701605, *4 (N.D. Cal. March 25, 2005) ("The Phonetec Defendants argue that sales in California are small in comparison to allegedly infringing sales made outside California. This fact does not make personal jurisdiction in California less appropriate. A plaintiff is not precluded from bringing suit in a State just because the bulk of the harm inflicted on it may occur through sales in other States.") (citing *Beverly Hills Fan*, 21 F.3d at 1568, n. 21, and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

Even if Defendant's contacts with its admitted Georgia customers could be considered "isolated and sporadic," specific jurisdiction would still be proper because the sales are directly related to the cause of action. *Red Wing Shoe Co.*,

148 F.3d at 1359.  Numerous cases have recognized that even minimal sales of accused products comprise sufficient minimum contacts for specific jurisdiction. *Robinson v. Bartlow*, No. 3:12-CV-00024, 2012 U.S Dist. LEXIS 143323 (W.D. Va. Oct. 3, 2012) (finding that 27 orders and eight shipments into the forum were sufficient for personal jurisdiction and noting that, in the alternative, the "active nature" of the defendant's website was also sufficient); *Engineered Prods. & Servs., Inc. v. Echo Eng'g & Prod. Supplies, Inc.*, 666 F. Supp. 2d 938 (E.D. Wisc. 2009) (finding that marketing and sales activities resulting in two sales totaling $70 were sufficient for exercise of jurisdiction to comport with due process); *WhatRU Holding, LLC v. Bouncing Angels, Inc.*, Civil No. 13-2745, 2014 U.S. Dist. LEXIS 20441 (D. Minn. Feb. 19, 2014) (finding that evidence of a single sale into a forum, not abetted by plaintiff, was sufficient for personal jurisdiction and including a string citation to other cases finding the same); *Maxwell Chase Technologies, L.L.C. v. KMB Produce, Inc.*, 79 F.Supp.2d 1364, 1372-73 (N.D. Ga. 1999) (asserting jurisdiction after a single sale).

Contrary to Defendant's argument, personal jurisdiction in this case is not based solely on the fact that Defendant operates an interactive website that is accessible to Georgia residents.  Jurisdiction in this case is primarily based on the fact that Defendant arranges for and makes sales to Georgia customers and has

9

derived over $1,000 in revenue from those sales.  *See Trintec Indus.*, 395 F.3d at 1281-82 (actual sales of infringing articles into forum in addition to interactive website can be sufficient to establish jurisdiction).  As detailed above, Defendant purposefully provided infringing products to its Georgia customers and received payment for those products.

In sum, personal jurisdiction over Defendant is constitutional because both requirements for specific jurisdiction are met.  Defendant transacts business in Georgia by selling products to Georgia residents and, since those sales involve the accused product, the Georgia contacts are directly related to Sarvint's claim of patent infringement.  Sarvint has met its burden of demonstrating a *prima facie* case for personal jurisdiction.

### 4.  Subjecting Defendant to suit in Georgia does not offend notions of fair play and substantial justice.

Since Defendant admittedly transacts business in Georgia and has contacts with Georgia that specifically relate to the accused product and the cause of action, this Court can exercise jurisdiction unless Defendant can demonstrate a "compelling case" that the exercise of jurisdiction would not comport with "fair play and substantial justice."  *Burger King*, 471 U.S. at 476-77.  However, it is a "rare situation" where jurisdiction is denied under these circumstances and only proper

when "the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568 (citing *Burger King*, 471 U.S. at 477).  Since Defendant cannot carry this burden, jurisdiction is proper.

It is undisputed that Sarvint is a Georgia-based business and that some of Defendant's customers for the infringing product are Georgia residents.  By selling products to Georgia residents, Georgia is the location of Defendant's infringement. *Trintec Indus.*, 395 F.3d at 1280 ("[I]n patent litigation the injury occurs at the place where the infringing activity directly impacts on the interests of the patentee, which includes the place of the infringing sales." (internal quotation and alteration omitted)). As the site of Defendant's infringement, Georgia has a significant interest in the dispute and in keeping out infringing products and services.  *See North Amer. Phillips Corp. v. American Vending Sales*, 35 F.3d 1576, 1580 (Fed. Cir. 1994) ("Surely, the reasonable market participant in the modern commercial world has to expect to be haled into the courts of that state, however distant, to answer for any liability based at least in part on [importation of infringing products into the state]").  Because of Georgia's interest in the dispute and Defendant's purposeful availment of the privilege of doing business in the State of Georgia, jurisdiction in this venue cannot

11

offend the concepts of fair play and substantial justice.

For the reasons set forth above, Defendant is subject to personal jurisdiction in this Court, and proceeding with the case in this Court comports with the notions of fair play and substantial justice.  Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

**B.     Defendant's Alternative Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) Should Be Denied.**

**1.     Law applicable to a motion to transfer under Section 1404(a).**

Because analysis of a motion to transfer does not raise issues unique to patent law, the law of the Eleventh Circuit governs the transfer analysis.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).  Analysis of a motion to transfer under § 1404(a) involves consideration of:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  The plaintiff's choice of forum is entitled to considerable deference, and the moving party bears the burden of establishing that the balance of § 1404(a) interests favors

the transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

### 2. <u>Sarvint's choice of forum is entitled to substantial deference.</u>

Sarvint and the '731 Patent have a legitimate connection to this district and Sarvint's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *Rice*, 975 F. Supp. 2d at 1374 ("In ruling on the transfer motion, the Court must afford plaintiff's chosen forum a substantial degree of deference."); *cf. In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011) (holding that connections to a forum solely to manipulate venue are entitled to little weight). Both inventors of the '731 Patent are long-term residents of metro-Atlanta. Jayaraman Decl., ¶ 4.  The inventors conducted their research at Georgia Tech, located in this forum. *Id.*, ¶ 5.  Both inventors are now shareholders and officers of Sarvint. *Id.*, ¶¶ 14-15.  Sarvint has its headquarters in the metro-Atlanta area and has continued its research and product development efforts in this forum. *Id.*, ¶ 10, 19-21.  The patent owner, GTRC, is in this forum. *Id.*, ¶ 6.

Any allegation that Sarvint is in this forum to manufacture venue is unsupported by the record.  Accordingly, Defendant has failed to demonstrate that Sarvint's choice of forum is not entitled to substantial weight, and this Court should give considerable deference to Sarvint's choice of forum. *In re Ricoh*

*Corp.*, 870 F.2d at 573; *Robinson.*, 74 F.3d at 260.

### 3. <u>Judicial efficiency weighs against a transfer.</u>

Defendant asks the Court to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Doc. 21-1, at 15-24. However, a number of other actions involving the '731patent are also before this Court. Jayaraman Decl., ¶ 28. Transfer of venue as to less than all of the actions involving the '731 Patent would be inappropriate because it would result in multiple lawsuits involving the same patent and issues.

"[T]he existence of multiple lawsuits involving the same issues is a paramount consideration in determining whether a transfer is in the interest of justice." *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).[3] In a patent case, "significant overlap and a familiarity with the patents could preserve time and resources." *Id.*; *see also Hoffman v. Medquist, Inc.*, No. 1:04-CV-3452, 2005 U.S. Dist. LEXIS 29995, 2005 WL 3095713 (N.D. Ga. Nov. 16, 2005) ("[S]ome courts have indicated this factor [i.e., the presence of related proceedings] may be more important than the other three set out in Section 1404(a)."); *Mirasco v. American National Fire Ins. Co.*, No. 1:00-CV-947, 2000

---

[3] The Federal Circuit recently reaffirmed this principle in *In re Vicor Corp.*, 493 F. App'x 59 (Fed. Cir. 2012).

U.S. Dist LEXIS 19461 (N.D. Ga. July 5, 2000) (related action involving same issues is "most persuasive" factor in § 1404(a) analysis).

If the action against Defendant were transferred to the Southern District of New York, nearly identical actions against other defendants in related cases would continue in this District.  This would lead to a substantial amount of duplication and wasted judicial resources.  Proceeding with all related cases in this District meets the intent of § 1404(a), conserves judicial resources, and avoids the potential for inconsistent rulings, especially on claim constructions.  *See Innovative Global Systems LLC v. Turnpike Global Technologies L.L.C.*, No. 6:09-CV-157, 2009 U.S. Dist. LEXIS 105929, 2009 WL 3754886, *2 (E.D. Tex. Oct. 20, 2009) (denying motion to transfer venue because "transfer would create duplicative proceedings on the same patents, unnecessarily wasting judicial resources"); *Holley Performance Prods. v. Barry Grant, Inc.*, 74 U.S.P.Q.2d 1357 (N.D. Ill. 2004) ("It will be a significant waste of judicial economies for two separate courts to adjudicate issues regarding the same patent.  There is great risk that consideration of the same patent by two separate federal courts will create inconsistent results, particularly with regard to claim construction rulings.").

The fact that litigation regarding infringement of the '731 Patent will continue in this District as to other accused infringers also makes this Court a

considerably more convenient venue for Sarvint because otherwise Sarvint would have to engage in duplicative litigation in two different venues.  *See Ctr. One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 U.S. Dist. LEXIS 69683, 2009 WL 2461003, *7 (E.D. Tex. Aug. 10, 2009) ("Severing and transferring [Defendant's] case ... may be much more convenient for [Defendant].  However, it would impose a burden on both the federal court system and [Plaintiff] to maintain two suits with substantially the same issues in two different venues across the country."); *In re Vistaprint Ltd.*, 628 F.3d at 1344 & 1346 ("Similarly, even if trying these two related cases before the same court may not involve the same defendants and accused products, it does not appear on its face erroneous to conclude that maintaining these two cases before the same court may be beneficial from the standpoint of judicial resources.… [C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice.").

Authority cited by Defendant also illustrates that the motion to transfer should be denied.  For example, in *In re Emc Corp.*, 501 F. App'x 973 (2013), the Federal Circuit refused to grant a writ of mandamus and order a transfer because the "district court could properly consider the benefits to judicial economy arising from having the same judge handle [the] suits … involving the same patents and

technology …"  *Id.* at 976.  Likewise, while the Federal Circuit granted a writ to transfer in *In re Apple, Inc.*, 581 F. App'x 886 (2014), it affirmed that judicial economy is a relevant consideration and noted that the transferee venue was already familiar with the patents-in-suit.  *Id.* at 890.  Making transfer particularly appropriate in that case, the plaintiff failed to identify any relevant witnesses or relevant documents within the original forum.   *Id.* at 887.   Accordingly, Defendant's two cited cases confirm the continued relevance of judicial efficiency when evaluating a motion to transfer, and a number of recent district court decisions agree.  *O.S. Security LLC v. Schlage Lock Company LLC*, SACV 14-319, 2014 U.S. Dist. LEXIS 166661 (C.D. Cal. Sept. 17, 2014) ("[J]udicial efficiency weighs strongly against transfer" due to common issues of, "for example, claim construction and invalidity."); *McRo, Inc. v. Activision Blizzard, Inc.*, Civil Action No. 12-1508, 12-1511, 12-1512, 12-1518, 2013 U.S. Dist. LEXIS 178823 (D. Del. Dec. 13, 2013) ("[O]ur Court has recognized the efficiencies that could be captured were the motion denied and all related cases litigated together here.").[4]

In sum, the efficiencies and conveniences of allowing related lawsuits to

---

[4] Additionally, even assuming a process as complicated as MDL could ever be considered an "efficient" use of judicial resources, access to MDL procedures are not guaranteed.  Doc. 21-1 at 22 ("MDL, if appropriate, may allow Sarvint to consolidate its disparate cases …"); 28 U.S.C. § 1407 (detailing procedures).

proceed in the same District strongly weigh against a transfer.

### 4.    __This forum is considerably more convenient for Sarvint.__

As discussed above, Sarvint, the exclusive licensee of the '731 Patent, is based in metro-Atlanta. Jayaraman Decl., ¶¶ 7, 10-12. Similarly, Sarvint's officers and employees, including the inventors of the '731 Patent, are based in metro-Atlanta. *Id.*, ¶¶ 14-16. GTRC, the owner of the '731 Patent, is based in Atlanta. *Id.*, ¶ 6. Georgia Tech, the location of the research into the technology embodied in the '731 Patent, is located in Atlanta. *Id.*, ¶ 5. Sarvint has no connections to New York. *Id.*, ¶¶ 22-25. Accordingly, venue in the Northern District of Georgia is considerably more convenient for Sarvint.

Additionally, Defendant has failed to demonstrate that the Southern District of New York would actually be more convenient for Defendant. First, Defendant acknowledges that its relevant witnesses are in Montreal, Canada, and not the Southern District of New York, and its assertion is essentially that the Southern District of New York will be more convenient because it would "save these individuals nearly 1,000 miles of added travel and additional inconvenience." Doc. 21-1 at 17. While Defendant has cited no case law for its proposition that a court can consider the mileage of flights when addressing a motion to transfer venue, it appears that a flight from Montreal to Atlanta is only about an hour longer than a

flight from Montreal to New York City.   Declaration of Wesley A. Roberts (hereinafter "Roberts Decl."), ¶ 2-3 (filed concurrently herewith).   Therefore, the inconvenience of both parties flying to the marginally related venue of the Southern District of New York is substantially greater than an additional hour of flight time for any of Defendant's officers needing to appear in this District.   (*Id.*, ¶ 2-4).   Accordingly, the inconvenience of requiring both Sarvint and Defendant to travel to the Southern District of New York, which is the home district of neither party, far outweighs the inconvenience of having Defendant, which would have to travel to either Atlanta or New York City in any event, take a slightly longer flight to Sarvint's home forum.

Second, the primary issues in a patent infringement suit are whether the accused product infringes the patent-in-suit and the damages resulting from that infringement.[5]   Defendant acknowledges that its only ties to the Southern District of New York are partnerships with Ralph Lauren Corporation and the United States Tennis Association ("USTA").   Doc. 21-1 at 16.   However, Defendant has failed to provide any explanation as to how its partnership with Ralph Lauren or

---

[5]   Defendant has not filed its answer, but a third primary issue in this suit could presumably be the validity of the '731 Patent.   To the extent that Defendant challenges the validity of the '731 Patent, the vast majority of evidence and non-party witnesses relevant to validity would also be in Atlanta.

USTA will be relevant to either infringement of the '731 Patent or damages from that infringement, noting only that both entities are associated with "marketing" of the accused product.  Accordingly, a transfer to the Southern District of New York will substantially inconvenience Sarvint while providing minimal or no offsetting convenience for the Defendant.  *See Robinson*, 74 F.3d 253 (merely shifting "inconvenience from the defendants to the plaintiff" does not outweigh the plaintiff's choice of forum); *Rice*, 975 F. Supp. 2d at 1374 ("A desire to shift the inconveniences of litigation onto plaintiff is not a valid basis for a transfer under § 1404(a)."); *United States v. $633,021.67*, 842 F. Supp. 528, 535 (N.D. Ga. 1993) ("If transfer merely shifts the inconvenience of litigating in a given forum from one party to the other, or if the balance of factors is only slightly in favor of the movant, a court should deny the motion to transfer.").  The convenience of the parties weighs against a transfer.

### 5.    <u>More relevant documents are located in this District</u>.

As acknowledged by Defendant, relevant documents "do not play a substantial role in the venue analysis due to the electronic storage and transmission of information."  Doc. 21-1 at 18.  However, to the extent this factor is considered, all of Sarvint's relevant documents are in the metro-Atlanta area.  Defendant admits that its relevant documents are in Montreal.  *Id.* at 18-19.  Neither party

maintains documents in the Southern District of New York.  Accordingly, this factor plainly weighs against a transfer.

Defendant asserts that its partners may have documents relevant to this litigation, but Defendant has not specifically identified any of the allegedly relevant documents that may be in the possession of Ralph Lauren or the USTA, much less established that such documents are in the Southern District of New York.  Accordingly, these alleged documents do not modify the conclusion that the location of documents must weigh against a transfer.

### 6.    <u>The locus of operative facts is in this District.</u>

Defendant acknowledges that the "locus of operative facts usually lies where either the patent-in-suit or the allegedly infringing product was designed, developed, and produced."  Doc. 21-1 at 20.  Defendant then acknowledges that "the patent-in-suit was developed in Georgia, while the Accused Product was developed in Canada."  *Id.*  Accordingly, between the Southern District of New York and the Northern District of Georgia, this factor *strongly* favors the Northern District of Georgia:  the '731 Patent was designed and developed in this District, while Defendant admits that no design or development activity took place in the Southern District of New York.  Defendant's vague and conclusory allegations of business dealings in that District are insufficient to change this analysis.

Accordingly, the locus of operative facts strongly weighs against a transfer.

### 7.   Defendant has failed to demonstrate that the proposed transferee forum would be more convenient for non-party witnesses.

"The availability and convenience of nonparty witnesses, rather than that of party and expert witnesses, is accorded the greatest weight in a transfer of venue analysis." *See S&J Diving, Inc. v. Doo-Pie, Inc.*, Civil Action No. H-02-0293, 2002 U.S. Dist. LEXIS 10338, 2002 WL 1163627, *6 (S.D. Tex. May 30, 2002). "In order to meet its burden, the motion of the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66-67 (S.D.N.Y. 1993); *see also* 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851 ("If the moving party merely has made a general allegation that necessary witnesses are in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied.").

Here, Defendant has done nothing more than make conclusory allegations about non-party witnesses having information on the partnership between

Defendant, Ralph Lauren, and USTA.  Doc. 21-1 at 16-18.  Even assuming such conclusory allegations were proper, Defendant does not clarify how such testimony would be relevant to an issue in this case.

Defendant has not identified the Georgia residents to whom it sold infringing products, but those persons are certainly potential non-party witnesses residing in this forum.  Sarvint also specifically identifies the following potential non-party witness in this District:

| Witness | Current Position | Work Address | Home Address | Potential Testimony |
|---|---|---|---|---|
| Dr. Fred L. Cook | Professor, School of Materials Science and Engineering, Georgia Tech | 771 Ferst Drive, J. Erskine Love Building, Atlanta, Georgia 30332-0245 | 6327 Rosecommon Drive, Norcross, Georgia 30092-1857 | Dr. Cook is knowledgeable about the development of the technology embodied in the ' 731 Patent, including its conception and diligent reduction to practice, and is also knowledgeable about the value and impact of the technology |
| Dr. Wallace W. Carr | Professor-Emeritus, School of Materials Science and Engineering, Georgia Tech | | 2363 Briarcliff Commons N.E., Atlanta, Georgia 30345-2175 | Dr. Carr is knowledgeable about the development of the technology embodied in the '731 Patent, including its conception and diligent reduction to practice, and is also |

| | | | | knowledgeable about the value and impact of the technology. |
|---|---|---|---|---|
| Dr. Gary E. Freed, DO, | Emory University School of Medicine | 1405 Clifton Rd N.E., Atlanta, Georgia 30307 | 275 Landfall Road, Sandy Springs, Georgia 30328-1825 | Dr. Freed is knowledgeable about the conception and diligent reduction to practice of the technology embodied in the '731 Patent; specifically, Dr. Freed assisted with testing of specialized versions of the technology embodied in the '731 Patent. |
| Dr. Rangaswamy Rajamanickam | | | 1417 Willow Lake Dr. N.E., Atlanta, Georgia 30329 | Dr. Rajamanickam is knowledgeable about initial developments that ultimately led to the technology embodied in the '731 Patent. |
| Dr. Sabyasachi Mitra | Professor, Scheller College of Business, Georgia Tech | 800 West Peachtree NW, Atlanta, Georgia 30308 | 4515 Dartmoor Drive N.E., Marietta, Georgia 30067-4054 | Dr. Mitra is knowledgeable about the value and impact of the technology embodied in the '731 Patent. |

Jayaraman Decl., ¶ 8.  Accordingly, this factor weighs against transfer.  Because all

of the factors weigh against a transfer, a transfer is inappropriate and Defendant's request should be denied.

## CONCLUSION

For the above-stated reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer to the Southern District of New York, should be denied.  If the Court has any doubt that Defendant is subject to personal jurisdiction in this Court, Sarvint requests that it be granted jurisdictional discovery to more fully develop the facts surrounding Defendant's admitted sales of infringing products to Georgia residents.

Respectfully submitted, this 11th day of May, 2015.

*/s/ Dan R. Gresham*

Peter F. Schoenthaler
**PETER F. SCHOENTHALER, P.C.**
3350 Riverwood Parkway
Suite 1900
Atlanta, Georgia 30339
Telephone: (404) 592-5397
Facsimile:  (404) 891-6120
pfs@pfslawgroup.com

N. Andrew Crain
Dan R. Gresham
Eric G. Maurer
**THOMAS | HORSTEMEYER. LLP**
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
Andrew.Crain@thomashorstemeyer.com
Dan.Gresham@thomashorstemeyer.com
Eric.Maurer@thomashorstemeyer.com

*Attorneys for Plaintiff Sarvint Technologies,*
*Inc.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SARVINT TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 1:15-cv-00070-TCB |
| | ) | |
| OMSIGNAL, INC. | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing **"PLAINTIFF SARVINT TECHNOLOGIES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT OMSIGNAL, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK"** using the Court's ECF system, which will automatically send email documentation of such filing to all attorneys of record.

This 11th day of May, 2015.

*/s/ Dan R. Gresham*

27